UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>SALINAS VALLEY PRISON, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00546-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>21-DAY DEADLINE |

Plaintiff alleges prison officials unlawfully withdrew funds from his inmate trust account. (Doc. 1.) The Court finds that Plaintiff's complaint fails to state a cognizable claim under federal law, and its remaining claims arise under state law. The Court further finds that the deficiencies in the complaint cannot be cured by amendment and, therefore, recommends that this action be dismissed. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to

support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

2

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

In 1991, Plaintiff was convicted of a state crime and ordered to pay restitution in the amount of $10,000. (*See* Doc. 1 at 4.) Plaintiff alleges that, pursuant to the California Government Code, victims must apply to receive compensation from the state's restitution fund. (*Id.*) Plaintiff states that he has never received a "receipt for a claim." (*Id.*) Plaintiff alleges that between 1991 and 2000, he was "fraudulently charged" restitution payments via withdrawals from his inmate trust account. (*Id.* at 5.)

In 2000, Plaintiff was released on parole. (*Id.* at 4.) In 2002, Plaintiff violated his parole and was reincarcerated. (*See id.* at 5.) Plaintiff states that, beginning in 2009, his "trust account once again started to be charged fraudulently." (*Id.*) Plaintiff alleges that he has been fraudulently charged approximately $1,000 in restitution payments. (*See id.* at 6.)

Plaintiff contends that the defendants have violated his due process and equal protection rights and subjected him to cruel and unusual punishment. (*Id.* at 4, 5.)

### B. Plaintiff's Claims for Relief

#### 1. Fourteenth Amendment: Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

"An authorized, intentional deprivation of property is actionable under the Due Process Clause." *Christ v. Hartley*, No. 1:11-cv-00705-AWI-DLB, 2013 WL 127737, at *3 (E.D. Cal. 2013) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)) (citations omitted). "An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *Christ*, 2013 WL 127737, at *3 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (citation omitted).

However, "an *unauthorized* intentional deprivation of property by a state employee does not constitute a violation of … Due Process … if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533 (emphasis added). "California [l]aw provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895.) State prisoners "may file suit in state court pursuant to California Government Code §§ 900, *et seq.*, to seek recovery for a tort" committed by a state employee. *Boswell v. Perez*, No. 1:09-cv-00822-MJS, 2011 WL 4500010, at *2 (E.D. Cal. 2011) (citations omitted).

Plaintiff implies that the deprivation of his property (i.e., the withdrawal of funds from his inmate trust account) was not authorized by state laws or procedures. For example, he alleges that the withdrawals were made in violation of state regulations and statutes. (*See* Doc. 1 at 4, 5.) Thus, the Court finds that Plaintiff attempts to challenge an unauthorized, intentional deprivation of his property. Plaintiff's due process claim is therefore not cognizable because he has an adequate post-deprivation remedy under state law. *See Barnett*, 31 F.3d 813, 816-17. Under the California Tort Claims Act, Plaintiff may file suit in state court. *See Boswell*, 2011 WL 4500010, at *2.

        2.   <u>Fourteenth Amendment: Equal Protection</u>

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted).

"Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted).

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

"The next step … [is] to determine the level of scrutiny." *Country Classic Dairies*, 847 F.2d at 595. "Classifications based on race," for example, "are subject to strict scrutiny," *Freeman*, 68 F.3d at 1187, whereas classifications based on gender are subject to "intermediate scrutiny," *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) (citations omitted). Classifications not based on a "suspect" class like race or gender are subject to "rational-basis review." *Romer v. Evans*, 517 U.S. 620, 631 (1996); *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citations omitted). Under this standard, a classification must have a rational relationship to a legitimate state interest in order to comply with the Equal Protection Clause. *See Romer*, 517 U.S. at 631-32.

If an action does not involve an identifiable class, a plaintiff may still establish an equal protection claim if she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted); *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).

Plaintiff does not state a cognizable equal protection claim. He does not allege that he is a member of an identifiable class, or that officials discriminated against him based upon membership in such a class. Likewise, Plaintiff does not allege that prison officials treated him differently from others similarly situated without a rational basis.

3. <u>Eighth Amendment: Conditions of Confinement</u>

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the [Cruel and Unusual Punishments Clause of

the] Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of … inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).

"In order to establish … [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation and internal quotation marks omitted). To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff does not satisfy the first, objective prong of a deliberate indifference claim. He does not allege that Defendants deprived him of the "minimal civilized measure of life's necessities," such as food, clothing, medical care, or safety. Plaintiff's allegations regarding his restitution payments do not implicate the Eighth Amendment. Plaintiff therefore not does not state a cognizable claim of cruel and unusual punishment.

**C. Subject-Matter Jurisdiction**

"[F]ederal courts are courts of limited jurisdiction ... empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2)

that have been entrusted to them by a jurisdictional grant by Congress." *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (internal quotation marks and citations omitted). "Absent statutory authorization to adjudicate a case, a federal court lacks subject matter jurisdiction over the claim presented." *Hill v. Sanders*, No. 11-cv-04675-CJC-SS, 2012 WL 680273, at *2 (C.D. Cal. 2012).

Article III of the U.S. Constitution "provides that '[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States.'" *Jacobo Castillo*, 496 F.3d at 951 (quoting U.S. CONST. art. III, § 2). Federal statutes further provide that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "in any civil action of which the district courts have original jurisdiction, the district courts … have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

Plaintiff contends that the allegedly fraudulent withdrawals from his trust account violate the federal Constitution and various state laws and regulations. (Doc. 1 at 4, 5.) As explained above, Plaintiff fails to state a cognizable claim under the Constitution or other federal law. Because Plaintiff does not state a cognizable federal claim, the Court may not exercise supplemental jurisdiction over his state-law claims. The Court therefore lacks subject-matter jurisdiction over Plaintiff's remaining claims.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's complaint fails to state a cognizable claim under federal law; and the Court lacks subject-matter jurisdiction over Plaintiff's remaining state-law claims. The Court finds that Plaintiff's complaint cannot be cured by amendment and **RECOMMENDS** that this action be **DISMISSED** without prejudice. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 5, 2020**              /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE